

**U.S. Department of Justice**

Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Rm. 7325
Washington, DC 20530

DT:NSC

Nicholas S. Crown                                                                              Tel: (202) 616-5365
nicholas.s.crown@usdoj.gov

June 20, 2024

Mr. Mark Langer
Clerk of the Court
U.S. Court of Appeals for the
   District of Columbia Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue N.W.
Washington, DC 20001

      Re:    Rule 28(j); *Doc Society v. Blinken*, No. 23-5232 (D.C. Cir.); Oral argument scheduled for September 13, 2024

Dear Mr. Langer:

    The government writes regarding *FDA v. Alliance for Hippocratic Medicine*, No. 23-235 (S. Ct. June 13, 2024), which held that plaintiff-doctors and medical associations lacked Article III standing to challenge an agency's decisions to alter certain regulatory requirements. Applied here, *Alliance* forecloses plaintiffs' principal theories for standing to challenge a social-media policy used in vetting visa applicants.

    First, *Alliance* stated that it is "incorrect" to interpret *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), as holding that "standing exists when an organization diverts its resources in response to a defendant's action." Slip op. 22. *Contra* Reply 4–5. *Havens* "does not support such an expansive theory of standing." Slip op. 22. Rather, *Havens* "was an unusual case" limited to its "context"—there, the defendant had given the plaintiff-organization "false information" that "directly affected and interfered with" its "core business activities," such that the organization was akin "to a retailer who sues a manufacturer for selling defective goods to the retailer." *Id.* at 23. Here, plaintiffs cannot rely on *Havens* or its progeny: They suffer no such direct injury and challenge the "'regulation … of *someone else*.'" *Id.* at 10.

Second, *Alliance* disallowed the "informational injury" theory that the district court adopted, JA342–345, and that plaintiffs repeat, Reply 4–5. The Supreme Court emphasized that parties cannot establish "informational injury" when, as here, no "federal law requires [the government] to disseminate such information." Slip op. 23.

Finally, *Alliance* cautioned against theories that allow standing "whenever [plaintiffs] believe that the government is acting contrary to the Constitution or other federal law." Slip op. at 9. Plaintiffs here present (Reply 4–6, 9–14) a limitless theory that would allow litigation whenever a federal policy might affect what third parties post online, or might affect whether some unspecified individual decides to apply for a benefit that, if granted, might prompt them to attend an unspecified event that might occur. That logic would not end until virtually anyone "had standing to challenge virtually every government action that they do not like"—an approach "flatly inconsistent with Article III." Slip. op. 20.

Respectfully submitted,

*/s/ Nicholas S. Crown*
Nicholas S. Crown

cc:   Appellants (via CM/ECF)