

475 Riverside Drive, Suite 302
New York, NY 10115

(646) 745-8500
info@knightcolumbia.org

July 1, 2024

<u>*Via CM/ECF*</u>

Mark Langer
Clerk of the Court
U.S. Court of Appeals for the D.C. Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Ave., N.W.
Washington, D.C. 20001

>  Re:  Rule 28(j); *Doc Society v. Blinken*, No. 23-5232 (D.C. Cir.); Oral argument scheduled for September 13, 2024

Dear Mr. Langer:

Plaintiffs write in response to the Government's Rule 28(j) letter regarding *FDA v. Alliance for Hippocratic Medicine*, No. 23-235 (U.S. June 13, 2024). *Alliance* has no bearing on Plaintiff International Documentary Association's (IDA's) associational standing, nor does it undermine the district court's ruling that Plaintiffs have organizational standing to challenge the social media disclosure requirement ("Disclosure Requirement").

Plaintiff IDA has associational standing regardless of any implications *Alliance* may have for its organizational standing. As Plaintiffs explained in their reply brief, the Disclosure Requirement directly burdens the First Amendment rights of IDA's members, including members who currently reside in the United States but must apply for new or renewed visas from abroad, and IDA meets the additional requirements for associational standing. Reply 9–14.

Plaintiffs have organizational standing, too. First, contrary to the Government's contention, Plaintiffs do not rely on the "expansive theory" of organizational standing rejected in *Alliance*. Slip. Op. 22. There, plaintiff medical associations argued that their expenditures to "draft[] citizen petitions" and "engag[e] in public advocacy and public education" *about the challenged FDA actions* established their standing to

challenge those actions. *Id*. Here, Plaintiffs do not rely on such challenge-specific "issue-advocacy" expenditures to establish standing. *See id*. at 23. Rather, as in *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), Plaintiffs allege that the Disclosure Requirement has "directly affected and interfered" with their preexisting "core business activities." Slip Op. 23; *see* Reply 3–5; *see, e.g.*, JA037–38 (Compl. ¶¶ 66–68) (detailing impacts on Plaintiffs' efforts to identify films to honor, to research issues to address in new programs, to disseminate resources to their members and partners, and to promote their events).

Second, the Court in *Alliance* had no cause to expound on the kinds of informational injuries that suffice for standing, because the medical associations "ha[d] not claimed an informational injury" in that case. Slip. Op. 23. In any event, Plaintiffs allege more than informational injuries here; they also allege concrete injuries to their own constitutional interests, providing independent grounds for organizational standing. *See* Reply 6–7.

Respectfully submitted,

| /s/ *Faiza Patel* | /s/ *Caroline DeCell* |
|---|---|
| Faiza Patel | Caroline DeCell |
| Emile Ayoub | Jameel Jaffer |
| Brennan Center for Justice | Katherine Fallow |
|   at NYU School of Law | Anna Diakun |
| 120 Broadway, Suite 1750 | Hannah Vester |
|   New York, NY 10271 | Knight First Amendment Institute |
| patelf@brennan.law.nyu.edu |     at Columbia University |
| (646) 292-8310 | 475 Riverside Drive, Suite 302–304 |
|  | New York, NY 10115 |
|  | carrie.decell@knightcolumbia.org |
|  | (646) 745-8500 |
| /s/ *Rachel Levinson-Waldman* | /s/ *Joshua Polster* |
| Rachel Levinson-Waldman | Joshua Polster |
| Brennan Center for Justice | Evan Gilbert |
|   at NYU School of Law | Simpson Thacher & Bartlett LLP |
| 1140 Connecticut Avenue, NW | 425 Lexington Avenue |
| 11th Floor, Suite 1150 | New York, NY 10017 |
|   Washington, D.C. 20036 | joshua.polster@stblaw.com |
| levinsonr@brennan.law.nyu.edu | (212) 455-2000 |
| (202) 249-7190 |  |

*Counsel for Appellants*

cc: Appellees (via CM/ECF)

## Certificate of Compliance

  This letter complies with the word limit of Fed. R. App. P. 28(j) because it contains 345 words, excluding the parts of the document exempted by Fed. R. App. P. 32(f), as calculated by the word-counting function.

Dated: July 1, 2024

               /s/ Caroline DeCell
               Caroline DeCell