

U.S. Department of Justice
Civil Division, Appellate Staff
950 Pennsylvania Ave. NW, Rm. 7325
Washington, DC 20530

DT:NSC

Nicholas S. Crown                                                                                          Tel: (202) 616-5365
nicholas.s.crown@usdoj.gov

July 3, 2024

Mr. Mark Langer
Clerk of the Court
U.S. Court of Appeals for the
   District of Columbia Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue N.W.
Washington, DC 20001

      Re:   Rule 28(j); *Doc Society v. Blinken*, No. 23-5232 (D.C. Cir.); Oral argument currently scheduled for September 13, 2024

Dear Mr. Langer:

      We write regarding *Murthy v. Missouri*, No. 23-411 (S. Ct. June 26, 2024), which rejected a claim that the plaintiffs had standing because government action might affect third-party postings on social media. In particular, the Supreme Court rejected a theory of standing based on a "'right to listen'" and "interest in reading and engaging with the content of other speakers on social media." Slip op. 27. The Court emphasized that, although it has "recognized a First Amendment right to receive information and ideas," cognizable injury exists "only where the listener has a concrete, specific connection to the speaker." *Id.* at 27–28 (quotation marks omitted). Thus, in *Kleindienst v. Mandel*, 408 U.S. 753 (1972), plaintiff-professors had a cognizable First Amendment interest in hearing a particular "person they had invited to speak" at a scheduled conference. Slip op. 28. The *Murthy* plaintiffs, however, cited no such "identifiable harm" and therefore lacked Article III injury.

      Plaintiffs' right-to-listen theory here shares the same fundamental flaws. Like the *Murthy* challengers, plaintiffs assert (Reply 4–14) interests in "engaging with the content of other speakers on social media." Slip op. 27. And, as in *Murthy*, plaintiffs identify no "concrete, specific connection to [a] speaker," nor specific "topics that they have been unable to hear or follow." *Id.* at 28. Instead, plaintiffs repeat a

"startlingly broad" and "'boundless'" theory, *id.*, based on allegations that, someday, some unidentified individuals may "engage with" plaintiffs, Reply 6–7.

Nor can plaintiffs rely (Reply 10–11) on a noncitizen who unilaterally deleted some social-media posts in case they drew scrutiny were he to apply for a visa. Plaintiffs state no "identifiable harm" from those deletions, slip op. 28, cannot "'manufacture standing'" through "self-censorship" based on "'fears of hypothetical future harm,'" *id.* at 25, and "cannot [seek] redress" for "'injury that results from the independent action of some third party not before the court,'" *id.* at 9.

As explained in our June 20, 2024, letter, the Supreme Court recently foreclosed plaintiffs' reliance on organizational standing, informational standing, and attenuated harms. *Murthy* precludes plaintiffs' remaining "right-to-listen" theory of standing.

                                        Respectfully submitted,

                                        /s/ *Nicholas S. Crown*
                                        Nicholas S. Crown

cc:     Appellants (via CM/ECF)