

475 Riverside Drive, Suite 302
New York, NY 10115

(646) 745-8500

info@knightcolumbia.org

July 17, 2024

*Via CM/ECF*

Mark Langer
Clerk of the Court
U.S. Court of Appeals for the D.C. Circuit
E. Barrett Prettyman U.S. Courthouse
333 Constitution Ave., N.W.
Washington, D.C. 20001

    Re:    Rule 28(j); *Doc Society v. Blinken*, No. 23-5232 (D.C. Cir.); Oral argument scheduled for September 13, 2024

Dear Mr. Langer:

    Plaintiffs write in response to the Government's Rule 28(j) letter regarding *Murthy v. Missouri*, No. 23-411 (U.S. June 26, 2024). *Murthy* supports Plaintiffs' standing to challenge the social media disclosure requirement ("Disclosure Requirement") based on their First Amendment right to hear from their members and partners online and in person.

    Unlike the plaintiffs in *Murthy*, Plaintiffs here have "a concrete, specific connection to the speaker[s]" who have been silenced by the Disclosure Requirement. Slip op. 28. Those silenced speakers are Plaintiffs' *own* members and partners. And unlike the state plaintiffs in *Murthy*, Plaintiffs here have "identified . . . specific speakers . . . that they have been unable to hear or follow." *Id.* Plaintiffs identified a number of foreign members and partners who, but for the Disclosure Requirement, would have engaged with Plaintiffs and their U.S. members and partners online or in person. *See* Reply 7–8, 11–13; JA031–32, JA037–39 (Compl. ¶¶ 54–56, 67–68). Indeed, Plaintiffs identified these silenced speakers with much greater specificity than the Supreme Court required in *Virginia Board of Pharmacy v. Virginia Citizens Consumer Council, Inc.*, 425 U.S. 748, 756 n.14 (1976) (accepting evidence from stipulation that, "[i]n the absence of [the challenged regulation], some

pharmacies in Virginia would advertise, publish and promote price information regarding prescription drugs"); *see* Slip op. 28 (citing *Virginia Board of Pharmacy* as case where listeners had sufficient connection to speakers for purposes of standing).

Additionally, the Supreme Court in *Murthy* observed that a plaintiff's burden to establish standing differs at different stages of litigation. Having sought a preliminary injunction, the plaintiffs in *Murthy* bore the burden of making a "clear showing" that they were "likely to establish each element of standing." Slip op. 10 (internal quotation marks and citation omitted). Responding to a motion to dismiss, Plaintiffs in this case need only have alleged a qualifying "injury resulting from [Defendants'] conduct." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). They have done so.

                                      Respectfully submitted,

| /s/ *Faiza Patel* | /s/ *Caroline DeCell* |
|---|---|
| Faiza Patel | Caroline DeCell |
| Emile Ayoub | Jameel Jaffer |
| Brennan Center for Justice | Katherine Fallow |
|   at NYU School of Law | Anna Diakun |
| 120 Broadway, Suite 1750 | Hannah Vester |
|   New York, NY 10271 | Knight First Amendment Institute |
| patelf@brennan.law.nyu.edu |     at Columbia University |
| (646) 292-8310 | 475 Riverside Drive, Suite 302–304 |
|  | New York, NY 10115 |
|  | carrie.decell@knightcolumbia.org |
|  | (646) 745-8500 |
|  |  |
| /s/ *Rachel Levinson-Waldman* | /s/ *Joshua Polster* |
| Rachel Levinson-Waldman | Joshua Polster |
| Brennan Center for Justice | Evan Gilbert |
|   at NYU School of Law | Simpson Thacher & Bartlett LLP |
| 1140 Connecticut Avenue, NW | 425 Lexington Avenue |
| 11th Floor, Suite 1150 | New York, NY 10017 |
|   Washington, D.C. 20036 | joshua.polster@stblaw.com |
| levinsonr@brennan.law.nyu.edu | (212) 455-2000 |
| (202) 249-7190 |  |

                                      *Counsel for Appellants*

cc: Appellees (via CM/ECF)